IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ADAM COHEN                                                    PLAINTIFF

v.                              No. 4:25-cv-809-DPM

JOSHUA BRANDON HUFFMAN                          DEFENDANT

ORDER

Adam Cohen is a professional photographer.  He photographed some apartment complexes in Florida owned by Huffman Contractors, Inc.  He registered his photos with the copyright office.  A third party provided the images to Huffman Contractors's vice president, Trey Williams.  The third party suggested contacting Cohen about payment to use them, emphasizing that he enforced his copyright.  Cohen eventually contacted Williams and quoted prices.  Williams responded: "We're going to pass, thanks."  *Doc. 1 at ¶ 18.*  Joshua Huffman is Huffman Contractors's president.  He instructed Williams (or some other corporate employee) to use the photos.  Huffman Contractors posted them on its website.  The corporation didn't pay Cohen anything.  After discovering the photos online, Cohen wrote Huffman, alerting him that this use was unauthorized.  *Doc. 1 at ¶ 23.*  Huffman Contractors didn't take the photos down.  Cohen hasn't sued Huffman Contractors or Williams.  He's only sued Joshua Huffman.  These are the facts alleged, taken as true at this point.  *Jones v. Douglas County*

*Sheriff's Department*, 915 F.3d 498, 499 (8th Cir. 2019). Has Cohen stated a plausible claim for contributory copyright infringement, or for vicarious copyright infringement, against Huffman individually?

*First*, Cohen has pleaded a plausible contributory copyright infringement claim. He says Joshua Huffman told an employee to post the photographs on the company website without Cohen's approval. *Doc. 1 at 8.* And the photographs stayed up even after Cohen told Huffman they were being used without his permission. Taken as true, those facts create a reasonable inference that Joshua Huffman contributed to the alleged infringement. *Pinkham v. Sara Lee Corporation*, 983 F.2d 824, 834 (8th Cir. 1992).

*Second*, Cohen's vicarious copyright infringement claim isn't plausibly alleged. As president, Joshua Huffman had the right to order payment or infringement. He chose the latter. But Cohen hasn't pleaded facts showing Huffman's "obvious and direct financial interest" in the infringement. *RCA/Ariola International, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 781 (8th Cir. 1988). That Huffman Contractors posted the photographs on its website showing its past construction projects isn't sufficient. *E.g., Erickson Productions, Inc. v. Kast*, 921 F.3d 822, 829–30 (9th Cir. 2019). The relationship between the photographs and any new business is too attenuated. *E.g., Ellison v. Robertson*, 357 F.3d 1072, 1078–79 (9th Cir. 2004). The corporation's refusal to pay Cohen a license fee isn't a sufficient basis to hold Joshua

–2–

Huffman vicariously liable, either.  Holding otherwise on the facts alleged would disregard the corporate entity, exposing every corporate officer or shareholder to infringement liability.  *Erickson*, 921 F.3d at 830–31.

*

Huffman's motion to dismiss, *Doc. 9*, is partly granted and partly denied.  Motion to stay discovery, *Doc. 18*, denied as moot.  The Court directs the Clerk to update the docket to reflect Joshua Brandon Huffman as the defendant's correct name.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

27 April 2026